## Collins *v.* Money.

A. contracted with B. to furnish materials and execute certain brick work. B. represented the materials as poor, but proposed to do the work as well as he could, with such materials. It also appeared that A. was often present during the progress of the work, and was not deceived as to its character. A. proved the inferiority of the materials, and that the work was worthless. Motion to set aside the verdict refused.

IN error from the circuit court for the county of Carrol.

W. Yerger for the plaintiff in error.

Mr. Justice TROTTER delivered the opinion of the court.

The defendant brought an action of assumpsit in the circuit court of Carrol county, for work and labor and materials. On the trial he proved the contract, and the performance of the work, and also that he furnished the materials, consisting of brick and lime, and that it was worth the sum sued for. The witness, Barton, states that he was in the employment of the defendant in error, and acting as his agent at the time the plaintiff made the contract for the work. That he enquired of him what the quality of the materials on hand was, and that witness told him the lime was not good, and that as regarded the brick he might judge for himself, and that he would do him as good work as such materials would admit of. That plaintiff in error saw the brick after they were hauled to the place where the work was done, and had a full opportunity to examine them, and was also frequently present whilst the work was in progress. That he, witness, was frequently hurried by the plaintiff. Best, another witness, states that he was living with the plaintiff in error at the time the wall and pillars were building, and that his residence was in ten or fifteen feet of the same, and was frequently present watching its progress. That he never complained. That about six months elapsed after the completion of the work, before the framed house was erected, and that during that time the brick work was ex-

[Collins *v.* Money.]

posed. It was unenclosed, the wood used by Money was thrown carelessly around and about it, and he saw one person with a stick, violently knock three or four brick from the wall and pillars. Money introduced several witnesses who proved the inferior quality of the brick, and that the work was worthless, owing to the badness of the materials, and also that the work was badly done. That it was decaying and giving way, &c. The jury found a verdict for the plaintiff below, for the sum of $189 50, the value of the work as proven by the witnesses. The defendant, Money, moved for a new trial, which was refused. And to this opinion of the court he excepted.

The only inconsistency in the testimony, is as to the manner of doing the work; for notwithstanding the inferior quality of the materials, it appears that Money was fully apprised of that, and acted on his own judgment in taking them. He resided within ten or fifteen feet of the place where the work was done, and must have witnessed the manner of its execution, and have been fully aware of the condition of the materials. He cannot complain that he was deceived as to the quality of the brick and lime. And from the exposed condition of the work for six months after it was finished, the jury might have inferred that the decayed state in which it was found by the witnesses for Money at the time of trial, arose from that circumstance. This was properly a question for them, to be determined from all the circumstances, and we see nothing to authorise us to disturb their verdict.

Let the judgment be affirmed.